## WARRANT OF ARREST
### UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| **INSTRUCTIONS:** Forward copies Number 1 AND 2 intact to the US Marshal. Forward copy Number 3 to US Attorney's office. Retain number 4 copy. If applicable, use Number 4 copy to withdraw warrant. After completion of return, US Marshal will distribute copies Number 1 through 3 as appropriate. | | |

| Name of Person<br>GREGORY BASIL STYLES | DISTRICT OF ISSUE<br>EASTERN DISTRICT OF CALIFORNIA | Docket Number<br>06 - 037M - 01 |
|---|---|---|
| FEB 0 1 2006 | REASON FOR WARRANT: | 06 R 00073 AWI |
| NANCY MAYER WHITTINGTON, CLERK<br>X Indictment | ☐ Information | ☐ OTHER (SPECIFY) |
| 18/371 | Conspiracy | NO BAIL |
| Date: 01/19/06 | DEPUTY CLERK:<br>M. ROONEY | Signature of issuing official: |

TO: ANY US MARSHAL OR ANY OTHER AUTHORIZED OFFICER

☐ You are hereby commanded to arrest the above named person and bring this individual forthwith before the nearest available United States Court or (if applicable) before the nearest United States Magistrate in the arresting district to answer the above stated charge(s) in the indictment or information.

THE US MARSHAL IN THE DISTRICT OF ARREST IS HEREBY FURTHER AUTHORIZED AND COMMANDED TO TAKE CUSTODY OF THE ABOVE NAMED PERSON. IF AFTER BRINGING THE PERSON BEFORE ANY APPLICABLE JUDICIAL OFFICER IN THE MANNER INDICATED ABOVE, THE INDIVIDUAL FAILS TO FURNISH BAIL FOR APPEARANCE PER ORDERS AND DIRECTIONS OF SUCH JUDICIAL OFFICER, THE US MARSHAL IS AUTHORIZED AND COMMANDED TO KEEP SAFELY THIS INDIVIDUAL UNTIL DISCHARGED IN DUE COURSE OF LAW.

### RETURN

I certify I executed this warrant and such other order directed herein as shown below.

| Date Received<br>01/19/06 | Arresting Agency (if not US Marshal) | Signature of Arresting Agent (if not US Marshal) |
|---|---|---|
| Date Committed | Place of Confinement | ☐ Executed<br>☐ Unexecuted<br>☐ Withdrawn |
| Date of Return<br>2/01/2006 | Name of US Marshal<br>Fitzgerald, Derrick | Signature of US Marshal or Deputy |

1  McGREGOR W. SCOTT
   United States Attorney
2  STANLEY A. BOONE
   Assistant U.S. Attorney
3  3654 Federal Building
   1130 "O" Street
4  Fresno, California 93721
   Telephone: (559) 498-7272
5

COPY
FILED

JAN 1 9 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

6

7              IN THE UNITED STATES DISTRICT COURT FOR THE

8                    EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,

11              Plaintiff,

12

13          v.

14

15

16  GREGORY PAUL STYLES, and
17  MARVIN MITCHELL FREEMAN,

18

19

20              Defendants.

21

                **1: 06 CR 0 0 0 1 3 AWI**

)
)
)    VIOLATIONS:  18 U.S.C. § 371-
)    Conspiracy; 18 U.S.C. §§ 1341
)    and 2- Mail Fraud and Aiding
)    and Abetting (Two Counts) 18
)    U.S.C. §§ 1341, 1346 and 2-
)    Honest Services Mail Fraud and
)    Aiding and Abetting (Two
)    Counts); 18 U.S.C. § 1956(h)-
)    Conspiracy to Launder Money;
)    18 U.S.C. §§ 1956(a)(1)(B)(i)
)    and 2- Money Laundering and
)    Aiding and Abetting (Four
)    Counts); 18 U.S.C. §§
)    1956(a)(1)(A)(i) and 2- Money
)    Laundering and Aiding and
)    Abetting (Five Counts); 18
)    U.S.C. §§ 1957(a) and 2- Money
)    Laundering and Aiding and
)    Abetting (Six Counts) and 18
)    U.S.C. § 982(a)(1) and
)    (a)(2)(A)- Criminal Forfeiture

22

23                    I N D I C T M E N T

24

25

26

27

28

                            1

1  COUNT ONE:     [18 U.S.C. § 371- Conspiracy]

2      The Grand Jury charges:

3  defendants herein, as follows:

4                GREGORY PAUL STYLES, and
                 MARVIN MITCHELL FREEMAN,
5

6      I.   INTRODUCTION

7      1.   During the course of this conspiracy and scheme to

8  defraud, the defendants committed the following acts and other acts

9  themselves and/or through the acts of agents of the defendants.

10     2.   At all relevant times herein, the defendant STYLES was

11 employed by the Chowchilla Elementary School District ("CESD") as

12 the Management Information Systems ("MIS") Director. He began his

13 employment in November 1998 and resigned in March 2001 due to his

14 conduct associated with this case. As MIS Director, the defendant

15 was responsible for submitting requests for proposals for the E-

16 Rate funded projects of the school, reviewing the bids, selecting

17 the service providers (vendors), awarding contracts, and reviewing

18 estimates/bids/proposals/invoices and then submitting them for

19 payment from the CESD and the E-rate program through Universal

20 Service Administrative Company ("USAC"). At all relevant times

21 herein, the defendant received a salary of approximately $35,000

22 per annum from the school district for his services. During the

23 relevant period of time, the defendant also operated a business

24 called Computer Services. The generic name of defendant STYLES'

25 business was used by him for the purpose of concealing his identity

26 so he could receive monies under the E-rate program, as described

27 below, monies which he was otherwise not entitled to receive. The

28

                                 2

1 | defendant also used other "doing business as" names, including
2 | Computer Fulfillment Services and Computer Software Fulfillment and
3 | Net Sys.

4      2.    At all relevant times herein, defendant FREEMAN was owner
5 | and operator of Twisted Head Design, which was in the exclusive
6 | business of silk screening products, usually T-Shirts. Twisted
7 | Head Design and defendant FREEMAN were not in the business of
8 | installing or providing computer equipment:

9      II.   CONSPIRACY/SCHEME TO DEFRAUD

10      3.   Beginning at a date unknown but no later than in or about
11 | July 1998, and continuing through on or about March 2001, in the
12 | State and Eastern District of California and elsewhere, the
13 | defendants, and others known and unknown to the grand jury,
14 | knowingly combined, conspired, and agreed among themselves to
15 | engage and attempt to engage, and cause and aid and abet others:

16      (A) to commit mail fraud, in violation of Title 18, United
17 | States Code, Section 1341; and

18      (B) to commit honest services mail fraud, in violation of
19 | Title 18, United States Code, Section 1341 and 1346.

20      III.   FEDERAL E-RATE PROGRAM

21      a.   In General

22      4.   The Schools and Libraries Program of the Universal
23 | Service Fund, commonly known as "E-Rate," is administered by the
24 | Universal Service Administrative Company (USAC) under the direction
25 | of the Federal Communications Commission (FCC), and provides
26 | discounts to assist most schools and libraries in the United States
27 | to obtain affordable telecommunications and Internet access. The

28

1  E-Rate program was designed to ensure that the neediest schools

2  received the most financial help. A participating school district

3  is required to fund a percentage of the cost of equipment and

4  services acquired under the E-Rate program.

5     5.  To ensure that the E-Rate funding was distributed to the

6  widest number of applicants, USAC required all applicants to the E-

7  Rate program to comply with various rules and procedures. One of

8  these rules required local school districts to follow competitive

9  bidding procedures in accordance with state and local law to ensure

10 that the school district got the lowest possible prices from the

11 responsive bidders.

12    6.  The Schools and Libraries Program reimburses

13 telecommunications, Internet access, and internal connections

14 providers for discounts on eligible services provided to schools

15 and libraries. While schools and libraries apply for these

16 discounts, USAC works in conjunction with service providers to make

17 sure these discounts are passed on to program participants.

18    B.  Application Process:

19    7.  In order to apply for the E-rate program, a school must

20 submit an application to Universal Services Administrative Company

21 (USAC) via an Internet website. This process allows for

22 prospective service providers to bid on equipment and services for

23 which the school will request services. The bid provided by the

24 service provider is used by the school to apply for monies under

25 USAC for the services for which the bid has been requested. The

26 bid must be a competitive bid in order to ensure that the school

27 and USAC get the best possible price for the work to be performed.

28                          4

1      8.  Once a school enters into agreement with the service
2  provider, the school then submits a federal form to USAC, usually
3  through the Internet.  USAC, through its Schools and Library
4  Division ("SLD") reviews the school's request and makes a funding
5  commitment to them.

6      9.  After receiving the funding commitment from USAC, the
7  work is then performed by the service provider.  The school then
8  notifies SLD that services have been provided, are planned to be
9  provided or are being provided to the school under the E-Rate
10 program.  This information is communicated to them via a federal
11 form.  A letter is also sent to the service provider notifying them
12 of the application and the funding commitment.  This letter is sent
13 through the United States mails.

14     10.  To receive payment for the service provider, the service
15 provider and/or the school submits an invoice to USAC.  USAC then
16 reviews the bill and pays the invoice with the school paying a
17 percentage of the invoice.

18     11.  Schools, as an applicant of the E-Rate program, and their
19 agents, which included defendant STYLES, were forbidden from
20 bidding under the E-Rate for work to be performed to the school
21 and were forbidden from receiving monies.

22     12.  As part of the initial bidding process, the applicant was
23 required to seek competitive bids for their services.  The rules
24 for bidding require that the applicant consider all bids carefully
25 and to consider relevant factors other than prices in making a
26 selection as to the bid.  These relevant factors include a bidder's
27 prior experience, including past performance, personnel

28                                    5

1   qualifications, technical experience, management capacity.

2       13.  After eligible services have been delivered, service

3   providers and school and library applicants may submit invoices for

4   Universal Service Fund (USF) support.

5       IV.  MANNER AND MEANS OF THE CONSPIRACY/SCHEME TO DEFRAUD

6       14.  During the above-described time period, the defendants,

7   with the assistance of others, executed the scheme and artifice to

8   defraud by the following manner and means:

9       15.  CESD, through defendant STYLES, applied for funding under

10  the E-Rate program in order to provide their schools with Internet

11  access.  To conceal the true nature of defendant STYLES intention

12  of receiving monies under the E-Rate program, in violation of the

13  Rules of the E-Rate program and CESD's own rules, the defendant

14  devised this scheme to receive monies under the E-Rate program

15  while at the same time receiving his salary from CESD.

16      16.  In order to conceal his plan and because defendant STYLES

17  was forbidden from receiving monies under the E-Rate program as an

18  employee of the CESD, the defendant recruited defendant FREEMAN,

19  through his silk screening business, to bid during the competitive

20  bidding process to provide equipment and services to CESD.  As its

21  agent for CESD, defendant STYLES was instrumental in selecting the

22  bids for CESD.  The selection of Twisted Head Design and others

23  connected with defendant STYLES suppressed and eliminated

24  competition for the E-Rate program for the school district

25      17.  Once the bids were selected by the school district,

26  defendant STYLES then performed the work and/or sub-contracted

27  others to do the work pursuant to the bid.  At no time did

28

6

1 defendant FREEMAN and/or his company Twisted Head Design perform
2 the work as bid. When the service providers, at the direction of
3 defendant STYLES, submitted invoices to the E-Rate program for
4 payment, the defendants provided invoices that over-compensated
5 time for the services provided.

6     18. Once payments were made from E-Rate funds and the school
7 district, the monies were paid to the service provider. Once the
8 monies were received by the service provider pursuant to the
9 invoice, monies were then diverted to defendant STYLES either
10 directly or through one of his companies, which included, but was
11 not limited to, Computer Services. At no time did the defendant
12 STYLES' supervisors know and/or sanction the fact that he was
13 receiving a salary from CESD and was being paid for work through
14 the E-rate program through these shell companies.

15     19. At no time was Twisted Head Design and/or defendant
16 FREEMAN familiar with or qualified to perform the computer
17 installation as bid on by Twisted Head Design for the school
18 district project. At no time prior did Twisted Head Design perform
19 any computer related work but merely acted as a front by which
20 monies were eventually paid to defendant STYLES. All the work
21 associated with this case was performed at the direction of
22 defendant STYLES.

23     20. Also in an effort to inflate the amount billed to the E-
24 Rate program, defendant STYLES had businesses submit invoices for
25 products and services not performed, or inflated those invoices as
26 part of the project for the school district. These invoices were
27 provided to E-Rate via CESD by a business name of COMPUWAVE,

28

7

1  through its representative Tony Kirk and Twisted Head Design.   At
2  one point in time, defendant STYLES worked for Compuwave.

3      21.   During this period of time Tony Kirk was personally paid
4  $74,600 and Twisted Head Design and defendant FREEMAN were
5  personally paid $75,376 for their services.  Defendant STYLES also
6  provided equipment to his agents and defendant FREEMAN for their
7  services, including but not limited to sewing equipment to FREEMAN
8  for his silk screening business.  The monies used to purchase these
9  items came from defendant STYLES' profits made through the E-Rate
10  program.  The monies given to defendant FREEMAN were in furtherance
11  of the scheme to defraud in that FREEMEN received compensation and
12  continued to receive compensation in order to perpetrate the fraud.
13  The monies given to defendant STYLES was also in furtherance of the
14  scheme to defraud in that STYLES received his compensation and
15  defendant STYLES paid others who performed the work under their
16  scheme.

17      22.   Also during the scheme to defraud, in addition to Twisted
18  Head Design, defendant STYLES used another shell company called Net
19  Sys which was alleged to have been owned by defendant STYLES'
20  former girlfriend, Nivia Fernanda de Oliveira, aka Nivia Green.
21  The company was used in a similar manner as Twisted Head Design to
22  defraud USAC and CBSD of money and property and of honest services.
23  Just as with Twisted Head Design and defendant FREEMAN, Ms. de
24  Oliveira and her company were not qualified to perform the services
25  which they bid on and for which they were paid.

26      23.   After payment was given to Twisted Head Designs by USAC,
27  monies were then disbursed by defendant FREEMAN and others by

28
                                   8

1  defendant STYLES through his business Computer Services.   At
2  first, defendant FREEMAN would pay defendant STYLES and his
3  business Computer Systems by cashiers' checks, even though Twisted
4  Head Design had a checking account from which checks could be
5  written.  From those amounts, defendant STYLES then paid
6  contractors who did the actual work on the project and then reaped
7  profits for himself.

8       24.  As a result of the work, the defendant received a
9  substantial profit which he then used to purchase automobiles and
10 other non-necessity items, including but not limited to furniture,
11 electronic goods, two 1999 Ford Mustangs (one black and one white),
12 two jet skis with a trailer, four All Terrain Vehicles ("ATV's"), a
13 2000 Ford Expedition, a 1997 Ford F-150, a 1999 Chevrolet Suburban,
14 a 2001 Dodge 1500, computers, a 34 foot recreational vehicle and
15 real property and other luxury items.

16      25.  As a result of this scheme to defraud, close to $800,000
17 was paid by USAC and approximately $71,000 was paid by the CESD to
18 Twisted Head Design.  During this period of time, defendant STYLES
19 and Computer Services deposited approximately $623,764 into its
20 bank accounts.  During this period of time, defendant STYLES
21 received his salary from CESD.

22      26.  In or about March 2001, CESD discovered what the
23 defendant had been doing and the defendant resigned his position
24 and left the employment of CESD.

25      IV.  OVERT ACTS

26      27.  In furtherance of the conspiracy and to effectuate the
27 object of the conspiracy, the following overt acts, in addition to

9

1   others, were committed in the Eastern District of California and

2   elsewhere:

3         a.   On or about January 25, 2001, defendant STYLES wrote a

4   check to Tony Kirk in the amount of $13,000.

5         b.   On or about January 30, 2001, defendant FREEMAN received

6   a check and statement via the United States mails from USAC in the

7   amount of $87,950, which defendant FREEMAN then deposited into his

8   Twisted Head Design bank account.

9         c.   On or about February 5, 2001, defendant FREEMAN wrote a

10  check to defendant STYLES which was then deposited by STYLES in his

11  bank account.

12        d.   On or about February 5, 2001, defendant STYLES wrote a

13  check to Tony Kirk in the amount of $18,500.

14        e.   On or about February 14, 2001, defendant STYLES wrote a

15  check to Nivia Green in th amount of $4,500.

16        All in violation of Title 18, United States Code, Section 371.

17  COUNTS TWO THROUGH THREE:      [18 U.S.C. §§ 1341 and 2- Mail Fraud
                                    and Aiding and Abetting]
18
        The Grand Jury further charges:
19
                        GREGORY PAUL STYLES, and
20                      MARVIN MITCHELL FREEMAN,

21        28.  Paragraphs 1 through and including 27, inclusive of Count

22  One, above, are fully incorporated by reference as though fully set

23  forth herein.

24        29.  Beginning at a time unknown but not later than July 1998,

25  to March 2001, in the State and Eastern District of California, the

26  defendant, acting alone or with the assistance of others known and

27  unknown to the grand jury, executed the scheme and artifice to

28
                                   10

1 │ defraud, and to aid and abet the same, USAC and/or CESD of money
2 │ and property, and aiding abetting the same, and did obtain and
3 │ attempt to obtain money and property from USAC and/or CESD by means
4 │ of materially false and fraudulent pretenses, representations and
5 │ promises.

6 │        30.  On or about the dates set forth below, in the Eastern
7 │ District of California and elsewhere, for the purposes of executing
8 │ the scheme and artifice to defraud, aiding and abetting and
9 │ attempting to do so, knowingly caused the following items to be
10 │ placed in an authorized depository for mail matter, to be sent and
11 │ delivered by the U.S. Postal Service or by a private or commercial
12 │ interstate carrier, and knowingly caused them to be delivered by
13 │ the United States Postal Service or a private or commercial
14 │ interstate carrier according to the directions thereon:

| COUNT | DATE | DESCRIPTION AND RECEIVER |
|---|---|---|
| TWO | January 22, 2001 | Remittance statement sent from USAC to Twisted Head Design in Selma, California |
| THREE | January 30, 2001 | Mailing of USAC check made payable to Twisted Head Design and sent to Twisted Head Design in Selma, California. |

        All in violation of Title 18, United States Code, Sections
1341 and 2.

COUNTS FOUR THROUGH FIVE:        [18 U.S.C. §§ 1341, 1346 and 2-
                                 Honest Services Mail Fraud and Aiding
                                 and Abetting]

        The Grand Jury further charges:

                        GREGORY PAUL STYLES, and
                        MARVIN MITCHELL FREEMAN,

        31.  Paragraphs 1 through and including 30, inclusive of Count

                                    11

1    One, above, are fully incorporated by reference as though fully set
2    forth herein.

3        32.  Beginning at a time unknown but not later than July 1998,
4    to March 2001, in the State and Eastern District of California, the
5    defendant, acting alone or with the assistance of others known and
6    unknown to the grand jury, executed the scheme and artifice to
7    defraud, or to aid and abet the same, CESD of honest services, and
8    aiding abetting the same, and did obtain and attempt to obtain by
9    means of materially false and fraudulent pretenses, representations
10   and promises.

11       33.  On or about the dates set forth below, in the Eastern
12   District of California and elsewhere, for the purposes of executing
13   the scheme and artifice to defraud, aiding and abetting and
14   attempting to do so, knowingly caused the following items to be
15   placed in an authorized depository for mail matter, to be sent and
16   delivered by the U.S. Postal Service or by a private or commercial
17   interstate carrier, and knowingly caused them to be delivered by
18   the United States Postal Service or a private or commercial
19   interstate carrier according to the directions thereon:

20   | COUNT | DATE | DESCRIPTION AND RECEIVER |
     | --- | --- | --- |
21   | FOUR | January 22, 2001 | Remittance statement sent from USAC to Twisted Head Design in Selma, California |
22   |
23   | FIVE | January 30, 2001 | Mailing of USAC check made payable to Twisted Head Design and sent to Twisted Head Design in Selma, California. |
24
25
26       All in violation of Title 18, United States Code, Sections
27   1341, 1346 and 2.

28

                                    12

1  COUNT SIX:     [18 U.S.C. § 1956(h) - Conspiracy to Launder Money]

2       The Grand Jury further charges:

3                    GREGORY PAUL STYLES, and
                     MARVIN MITCHELL FREEMAN,

4
   defendants herein, as follows:

5
       34. Paragraphs 1 through 33, inclusive of Counts One through

6
   Five, are fully incorporated by reference as though fully set forth

7
   herein.

8
       35. Beginning at a date no later than in or about July 1998,

9
   and continuing through on or about March 2001, in the State and

10
   Eastern District of California and elsewhere, the defendants and

11
   others known and unknown to the grand jury knowingly combined,

12
   conspired, and agreed among themselves to engage and attempt to

13
   engage, and cause and aid and abet others:

14
       (A) to knowingly conduct and attempt to conduct financial

15
   transactions affecting interstate and foreign commerce, and

16
   involving property which in fact involved the proceeds of a

17
   specified unlawful activity, to wit: mail fraud, with the intent to

18
   promote the carrying on of specified unlawful activity, in

19
   violation of Title 18, United States Code, Section

20
   1956(a)(1)(A)(i); and

21
       (B) to knowingly conduct and attempt to conduct financial

22
   transactions affecting interstate and foreign commerce, and

23
   involving property which in fact involved the proceeds of a

24
   specified unlawful activity, to wit: mail fraud, with the intent to

25
   conceal or disguise the nature, the location, the source, the

26
   ownership, or the control of the proceeds of the specified unlawful

27

28
                                  13

1  activity, in violation of Title 18, United States Code, Section

2  1956(a)(1)(B)(i); and

3      (C)  to knowingly engage and attempt to engage in a monetary

4  transaction affecting interstate and foreign commerce, in

5  criminally derived property of a value greater than $10,000, and

6  derived from specified unlawful activity, to wit: mail fraud, in

7  violation of Title 18, United States Code, Section 1957(a).

8      All in violation of Title 18, United States Code, Sections

9  1956(h) and 2.

10 COUNTS SEVEN THROUGH EIGHT:      [18 U.S.C. §§ 1956(a)(1)(B)(i) and 2-
                                    Money Laundering and Aiding and
11                                  Abetting]

12     The Grand Jury further charges:

13                     GREGORY PAUL STYLES, and
                       MARVIN MITCHELL FREEMAN,
14
       Defendants herein, as follows:
15
       36.  Paragraphs 1 through 35, inclusive of Counts One through
16
    Six, are fully incorporated by reference as though fully set forth
17
    herein.
18
       37.  Defendants herein, on or about the dates set forth below,
19
    in the State and Eastern District of California, and elsewhere, did
20
    knowingly conduct, and attempt to conduct financial transactions
21
    affecting interstate and foreign commerce, to wit, checks deposited
22
    and written, which involved the proceeds of a specified unlawful
23
    activity, to wit, mail fraud and honest services mail fraud as set
24
    forth above, with the intent to conceal and disguise the nature,
25
    location, source, ownership and control of property believed to be
26
    proceeds of the specified unlawful activity and that while
27

28
                                    14

1  conducting and attempting to conduct such financial transaction,

2  knew that the property involved in the financial transaction, that

3  is, monetary instruments in the amounts set forth below,

4  represented the proceeds of some form of unlawful activity.

5

| COUNT | DATE | MONETARY INSTRUMENT | BANK |
|---|---|---|---|
| SEVEN | 2/5/2001 | Deposit of check (52733) in the amount of $87,950 written to Twisted Head Design | Bank of America account in the name of Twisted Head Design |
| EIGHT | 2/9/2001 | Check (#5018) in the amount of $81,000 written to Computer Systems | Bank of America account in the name of Twisted Head Design |

12      All in violation of Title 18, United States Code, Sections

13  1956(a)(1)(B)(i) and 2.

14  COUNTS NINE THROUGH TEN: [18 U.S.C. §§ 1956(a)(1)(B)(i) and 2-
                              Money Laundering and Aiding and Abetting]

15

16      The Grand Jury further charges:

17              GREGORY PAUL STYLES, and
                MARVIN MITCHELL FREEMAN,

18  Defendant herein, as follows:

19      38.  Paragraphs 1 through 33, inclusive of Counts One through

20  Five, are fully incorporated by reference as though fully set forth

21  herein.

22      39.  Defendant herein, on or about the dates set forth below,

23  in the State and Eastern District of California, and elsewhere, did

24  knowingly conduct, and attempt to conduct financial transactions

25  affecting interstate and foreign commerce, to wit, checks deposited

26  and written, which involved the proceeds of a specified unlawful

27  activity, to wit, mail fraud and honest services mail fraud as set

28                              15

1  forth above, with the intent to conceal and disguise the nature,

2  location, source, ownership and control of property believed to be

3  proceeds of the specified unlawful activity and that while

4  conducting and attempting to conduct such financial transaction,

5  knew that the property involved in the financial transaction, that

6  is, monetary instruments in the amounts set forth below,

7  represented the proceeds Design of some form of unlawful activity.

8

| COUNT | DATE | MONETARY INSTRUMENT | BANK |
|-------|------|---------------------|------|
| NINE | 2/5/2001 | Check (#52733) in the amount of $87,950 written to Twisted Head Design | Bank of America |
| TEN | 2/9/2001 | Check (#5018) in the amount of $81,000 written to Computer Systems | Bank of America |

15      All in violation of Title 18, United States Code, Sections

16  1956(a)(1)(B)(i) and 2.

17  COUNTS ELEVEN THROUGH FIFTEEN:      [18 U.S.C. §§ 1956(a)(1)(A)(i)
                                        and 2- Money Laundering and
18                                      Aiding and Abetting]

19      The Grand Jury further charges:

20                  GREGORY PAUL STYLES,

21  defendant herein, as follows:

22      40.  Paragraphs 1 through 33, inclusive of Counts One through

23  Five, are fully incorporated by reference as though fully set forth

24  herein.

25      41.  Defendants herein, on or about the dates set forth below,

26  in the State and Eastern District of California, and elsewhere, did

27  knowingly conduct, and attempt to conduct financial transactions,

28                          16

1  which were checks written and negotiated, affecting interstate and

2  foreign commerce, which involved the proceeds of a specified

3  unlawful activity, to wit: mail fraud and honest services mail

4  fraud, with the intent to promote the carrying on of the specified

5  unlawful activity and that while conducting and attempting to

6  conduct such financial transaction, knowing that the property

7  involved in the financial transaction, that is, monetary

8  instruments in the amounts set forth below, represented the

9  proceeds of some form of unlawful activity.

| COUNT | DATE | MONETARY INSTRUMENT | BANK |
|-------|------|---------------------|------|
| ELEVEN | 1/29/2001 | Check (#1134) in the amount of $13,000 written to Tony Kirk | Bank of America in the name of Computer Services |
| TWELVE | 2/5/2001 | Check (#1140) in the amount of $11,843.95 written to LGM Construction | Bank of America in the name of Computer Services |
| THIRTEEN | 2/5/2001 | Check (#1137) in the amount of $18,500 written to Tony Kirk | Bank of America in the name of Computer Services |
| FOURTEEN | 2/5/2001 | Check (#1141) in the amount of $15,000 written to LGM Construction | Bank of America in the name of Computer Services |
| FIFTEEN | 2/14/2001 | Check (#1142) in the amount of $4,500 written to Nivia Green | Bank of America in the name of Computer Services |

26      All in violation of Title 18, United States Code, Sections

27  1956(a)(1)(A)(i) and 2.

17

COUNTS SIXTEEN THROUGH SEVENTEEN:   [18 U.S.C. §§ 1957(a) and 2-
                                     Money Laundering and Aiding and
                                     Abetting]

The Grand Jury further charges:

GREGORY PAUL STYLES, and
MARVIN MITCHELL FREEMAN,

Defendants herein, as follows:

42.   Paragraphs 1 through 33, inclusive of Counts One through Five, are fully incorporated by reference as though fully set forth herein.

43.   Defendant, on or about the dates set forth below, in the State and Eastern District of California, and elsewhere, did knowingly engage and attempt to engage in a monetary transaction through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, as described below and in amounts as described below, such property having been derived from a specified unlawful activity, that is, mail fraud, as set forth above:

| COUNT | DATE | MONETARY INSTRUMENT | BANK |
|-------|------|---------------------|------|
| SIXTEEN | 2/5/2001 | Check (#52733) in the amount of $87,950 written to Twisted Head Design | Bank of America |
| SEVENTEEN | 2/9/2001 | Check (#5018) in the amount of $81,000 written to Computer Systems | Bank of America account in the name of Twisted Head Design |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

COUNTS EIGHTEEN THROUGH TWENTY-ONE:   [18 U.S.C. §§ 1957(a) and
                                        2- Money Laundering and

1                                                    Aiding and Abetting]

2        The Grand Jury further charges:

3                        GREGORY PAUL STYLES,

4        Defendant herein, as follows:

5        44.  Paragraphs 1 through 33, inclusive of Counts One through

6   Five, are fully incorporated by reference as though fully set forth

7   herein.

8        45.  Defendant, on or about the dates set forth below, in the

9   State and Eastern District of California, and elsewhere, did

10  knowingly engage and attempt to engage in a monetary transaction

11  through or to a financial institution, affecting interstate or

12  foreign commerce, in criminally derived property of a value greater

13  than $10,000, as described below and in amounts as described below,

14  such property having been derived from a specified unlawful

15  activity, that is, mail fraud, as set forth above:

| COUNT | DATE | MONETARY INSTRUMENT | BANK |
|---|---|---|---|
| EIGHTEEN | 1/29/2001 | Check (#1134) in the amount of $13,000 written to Tony Kirk | Bank of America in the name of Computer Services |
| NINETEEN | 2/5/2001 | Check (#1140) in the amount of $11,843.95 written to LGM Construction | Bank of America in the name of Computer Services |
| TWENTY | 2/5/2001 | Check (#1141) in the amount of $15,000 written to LGM Construction | Bank of America in the name of Computer Services |

19

| TWENTY-ONE | 2/5/2001 | Check (#1137) in the amount of $18,500 written to Tony Kirk | Bank of America in the name of Computer Services |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

COUNT TWENTY-TWO:    [18 U.S.C. § 982(a)(1) and (a)(2)(A)- Criminal Forfeiture]

The Grand Jury further charges:  T H A T

46.  Paragraphs 1 through 45, inclusive of Counts One through Twenty-one, are fully incorporated by reference as though fully set forth herein.

47.  Pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(2)(A), the defendant who is convicted of the offenses set forth in Counts One through Twenty-one shall forfeit to the United States the following property:

a.  All right, title and interest in any and all property involved in each offense in violation of Title 18, United States Code, Sections 371, 1341, 1346, 1956, and 1957 to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following:

i. 2000 Ford Expedition

b.  A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendants are convicted.  If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

48.  If any of the property described above as being subject

20

1  to forfeiture, as a result of any act or omission of defendants;

2          (1)  cannot be located upon the exercise of due

3               diligence;

4          (2)  has been transferred or sold, or deposited with, a

5               third person;

6          (3)  has been placed beyond the jurisdiction of the

7               Court;

8          (4)  has substantially diminished in value; or

9          (5)  has been commingled with other property which cannot

10              be subdivided without difficulty;

11 it is the intent of the United States, pursuant to Title 18, United

12 States Code, Section 982(b)(1), incorporating Title 21, United

13 States Code, Section 853(p), to seek forfeiture of any other

14 property of defendants up to the value of the above forfeitable

15 property.

16      All in violation of Title 18, United States Code, Section

17 982(a)(1) and (a)(2)(A).

18

19                                    A TRUE BILL.

20

21

                                      FOREPERSON

22 McGREGOR W. SCOTT
   United States Attorney

23

24
   By_____
25 MARK E. CULLERS
   Assistant U.S. Attorney
26 Chief, Fresno Office

27

28

                              21